UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HAMAS,

      Plaintiff,

v.

      Case No.: 23-11590
      Hon. Gershwin A. Drain

COUNTY OF SHIAWASSEE, *et al.*,

      Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING ACTION WITH PREJUDICE

**I.**     **INTRODUCTION**

On July 5, 2023, Plaintiff George Hamas, proceeding *pro se*, filed this action against Shiawassee County, Judge Matthew Stewart, Judge Ward L. Clarkson, Sherriff Brian Begole, and various other Defendants. On July 19, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*, and ordered the Plaintiff to file an Amended Complaint because Plaintiff's pleading was illegible, and the Court could not complete the screening requirement set forth in 28 U.S.C. § 1915. ECF No. 5.

On August 2, 2023, Plaintiff filed his Amended Complaint. ECF No. 12. Plaintiff has also filed two Motions to Dismiss, requesting that the Court dismiss a state court criminal prosecution against him, specifically *State of Michigan v.*

*George Hamas*, No. 22-STO-877.  Dkt. Nos. 9, 23.  Also before the Court is the Plaintiff's Request for the Appointment of Counsel, Motion Requesting Defendants to Answer, Plaintiff's Motion to Intervene, Plaintiff's Motion for Answer, and Plaintiff's Request for an Investigation.  ECF Nos. 6, 9, 11, 13, 14, 24.  Plaintiff has also filed letters, affidavits, documents, and various addenda and memoranda.  ECF Nos. 10, 15-22, 24-28.

## II.    FACTUAL BACKGROUND

Plaintiff's allegations in his Amended Complaint are rambling and disjointed making it difficult to ascertain the nature of his claims.  It appears that Plaintiff alleges his ex-wife attempted to murder him sometime in 2010.  He further claims his ex-wife's prosecution disappeared from the LEIN network for over twelve years.

Plaintiff also maintains Judge Matthew Stewart presided over his divorce proceedings, and that Judge Matthew Stewart and Sherriff Brian Begole destroyed video evidence confirming that his ex-wife attempted to kill him.  Plaintiff complains that Shiawassee County officers arrested him eleven times even though the dispute between Plaintiff and his former wife was due to her refusal to seek psychological treatment and her decision to self-medicate with illegal drugs.  He asserts that Shiawassee County violated his victim protection rights by forcing him to perjure himself and recant his accusation of attempted murder against his ex-wife.

Plaintiff apparently recently posted on social media that Shiawassee County is corrupt. Plaintiff claims he was arrested and is being prosecuted in Shiawassee County for alleged terrorist activity as a result of his social media postings. In his Amended Complaint, Plaintiff cites to numerous federal criminal statutes without further detail. Plaintiff asserts his ongoing state criminal case stems from his political speech, illegal events of sufferage [sic], separation of human rights, and peonage. He maintains Judge Ward L. Clarkson has refused his request for a speedy trial; however, he also requests the Court enjoin his ongoing criminal prosecution. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

### III.  LAW & ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), this Court must dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.Ed. 2d 338 (1989).

Liberally construing the Amended Complaint, the Court finds that Plaintiff has failed to state a claim or seeks relief from defendants who are immune from suit.

3

To the extent that plaintiff requests injunctive relief from pending criminal charges, the Court will abstain from enjoining a pending state court prosecution.

In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by itself to constitute irreparable injury. Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46.

Moreover, "[t]he existence of a 'chilling effect,' even in the area of First Amendment rights, had never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger,* 401 U.S. at 46. The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Younger,* 401 U.S. at 44. Thus, in cases in which a criminal defendant is seeking to enjoin ongoing state court proceedings, whether they be criminal, civil, or administrative, federal courts should not exercise jurisdiction, but should normally dismiss the case in its entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998)(internal citations omitted).

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply:

> 1. there must be pending or ongoing state judicial proceedings;
> 2. these proceedings must implicate important state interests; and,
> 3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

Applying the above test, the Court concludes that it would be appropriate to abstain from issuing injunctive relief with respect to the criminal charges pending against Plaintiff. Moreover, if Plaintiff were to be convicted, he would still be required to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court prior to seeking federal relief.

For purposes of *Younger,* a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" and foregoing state appeals to attack the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 369 (1989). A necessary prerequisite of the *Younger* doctrine is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before

5

seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).

As to the first requirement of the *Younger* doctrine, a state criminal prosecution will be considered to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *See Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000)(*quoting Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996)).

Next, with respect to any ongoing criminal case, "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F. 2d 72, 76 (2d Cir. 1988); *see also Hansel v. Town Court for Town of Springfield, N.Y.,* 56 F. 3d 391, 393 (2d Cir. 1995)("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

Finally, with respect to the third factor, Plaintiff would have an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts. Federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir. 1995). Accordingly, the Court denies any request by Plaintiff to enjoin his pending prosecution.

Moreover, Plaintiff fails to raise any specific allegations against many of the named Defendants, including Defendants Corwin, Koerner, Finnegan, McNally,

6

Hansen, Gifford, Doe and Herendeen. It is well-settled in this circuit that "claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)(citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming the dismissal of a *pro se* plaintiff's complaint for failure to state a claim where the complaint failed to allege with any degree of specificity which of the named defendants were personally involved in the alleged violation of rights).

Additionally, Judges Stewart and Clarkson are immune from liability under § 1983. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This judicial immunity applies even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. Judicial immunity from § 1983 liability is only overcome in two sets of circumstances that are not present here; namely, a judge is not immune from suit for non-judicial acts or when judicial actions are undertaken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Here, there is no dispute that Plaintiff's allegations against Judges Stewart and Clarkson involve actions taken in their judicial capacity. Plaintiff does not allege that these Defendants' actions were taken in the absence of all jurisdiction.

7

Finally, Plaintiff's reliance on Title 18 of the United States Code is misplaced. Title 18 concerns federal crimes. To the extent Plaintiff is attempting to allege that Defendants violated various criminal statutes, he does not state a cognizable civil claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding the criminal provisions under Title 18 of the United States Code "provide no basis for civil liability").

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff fails to allege any claims upon which relief may be granted, and/or seeks relief from defendants who are immune from suit. This cause of action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Plaintiff's Motions to Dismiss [#9 and #23] are DENIED.

Plaintiff's Motion Requesting Defendants to Answer [#11] is DENIED.

Plaintiff's Motion to Intervene [#13] is DENIED.

Plaintiff's Motion for Answer [#14] is DENIED.

SO ORDERED.

Dated: September 19, 2023                         /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and George Hamas, Shiawassee County Jail, 201 McArthur Street, Corunna, MI 48817 on September 19, 2023, by electronic and/or ordinary mail.

<u>/s/ Teresa McGovern</u>
Case Manager